UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ZIPPORAH M.,

               Plaintiff,

    v.                                                                                  6:20-CV-1333
                                                                                    (DJS)

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

**APPEARANCES:**                                            **OF COUNSEL:**

LAW OFFICES OF KENNETH HILLER      KENNETH HILLER, ESQ.
Attorney for Plaintiff
6000 North Bailey Avenue, Suite 1A
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.            JAMES NAGELBERG, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 17 & 22.  For the reasons set forth below, the Commissioner's determination is affirmed.  Accordingly, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted.

## I. RELEVANT BACKGROUND

### A.  Procedural History

Plaintiff applied for supplemental security income on August 4, 2016.  Dkt. No. 14, Admin. Tr. ("Tr."), p. 33.  Plaintiff alleged disability based upon chronic back and neck pain, arthritis of the back and knee, reoccurring hernia, a heart attack, high blood pressure, diabetes, anemia, asthma, and leg problems.  Tr. at p. 35.  She alleged a disability onset date of December 6, 2014.  Tr. at p. 34.  Plaintiff's applications were initially denied on December 14, 2016, after which she timely requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at pp. 46-61 & 54-56.  Plaintiff appeared at a hearing before ALJ Laureen Penn on September 23, 2019 at which Plaintiff and a vocational expert ("VE") testified.  Tr. at pp. 1340-1368.  On October 25, 2019, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 13-27.  On September 25, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### B. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity August 4, 2016, the date of her application. Tr. at p. 15. Second, the ALJ found that Plaintiff had the following severe impairments: "obesity; diabetes mellitus; degenerative disc disease; left knee impairment; degenerative joint disease; lumbosacral spondylosis; lumbar radiculopathy; unilateral primarily osteoarthritis, left knee; unilateral primary osteoarthritis, right knee; chronic obstructive pulmonary disease; and asthma." *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 17. The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with numerous limitations. Tr. at pp. 18-19. Next, the ALJ found that Plaintiff could not perform any past relevant work. Tr. at p. 25. Finally, the ALJ went on to find that there was other work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 26-27. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 27.

### II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health &*

*Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."

3

*Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

Plaintiff raises a single issue for this Court's consideration – the allegedly improper weighing of the medical opinion of Dr. Felix Oduwa. Dkt. No. 17-1, Pl.'s Mem. of Law at pp. 15-20. Specifically, she claims the ALJ failed to properly evaluate purported mental limitations identified in the opinion and that she failed to adequately address identified limitations on Plaintiff's ability to push and pull. *Id.* at pp. 18-20.

Plaintiff's first argument, with respect to an alleged mental impairment, is not a basis for remand. Plaintiff's application for benefits did not list any mental or emotional impairment as a basis for disability. Tr. at p. 35. Nor does Plaintiff appear to have raised any such impairment before the ALJ at the time of her administrative hearing. Tr. at pp. 1340-1368. The ALJ identified no mental impairment as a severe or non-severe impairment at step two of the sequential analysis. Tr. at pp. 15-16. Plaintiff raises no specific step two error in this proceeding. *See* Pl.'s Mem. of Law.

The Court finds Plaintiff has waived this claim. "Plaintiff bears the burden of establishing a severe impairment." *Shrecengost v. Colvin*, 2015 WL 5126117, at *3 (W.D.N.Y. Sept. 1, 2015); *see also Anthony v. Colvin*, 2015 WL 5772980, at *14

(N.D.N.Y. Sept. 30, 2015).  Given Plaintiff's failure to allege disability based on such an impairment or to raise it at the hearing, at which she was represented by counsel, the ALJ had no reason to believe that Plaintiff had a mental impairment.  *Guzman v. Berryhill*, 2018 WL 3387319, at *22 (S.D.N.Y. June 12, 2018), *report and recommendation adopted*, 2018 WL 3384444 (S.D.N.Y. July 11, 2018); *Lackey v. Astrue*, 2008 WL 4553062, at *8 (N.D.N.Y. Oct. 6, 2008).  "In this case, Plaintiff raised the issue of mental impairment for the first time in her brief in support of the within motion."  *Lackey v. Astrue*, 2008 WL 4553062, at *8.  Plaintiff points to no case law for the proposition that the ALJ had a duty to search for additional impairments that were never alleged.  *Laboriel v. Saul*, 2019 WL 6831762, at *7 (S.D.N.Y. Aug. 22, 2019), *report and recommendation adopted sub nom. Laboriel v. Comm'r of Soc. Sec.*, 2019 WL 4254003 (S.D.N.Y. Sept. 9, 2019).

Accordingly, the Court finds this claim waived.

Plaintiff also contends that the ALJ erred in discounting Dr. Oduwa's opinion regarding limitations on Plaintiff's ability to push and pull.  *See* Pl.'s Mem. of Law at pp. 19-20; Tr. at p. 1327.  The ALJ found this limitation "unsupported." Tr. at p. 19.  Defendant responds that the Court need not consider whether this conclusion was supported by substantial evidence because even assuming it was erroneous, any such error would be harmless and not a basis for remanding this matter.  Dkt. No. 22, Def.'s Mem. of Law at pp. 7-8.

The ALJ limited Plaintiff to sedentary work, with significant additional exertional limitations. Tr. at pp. 18-19. As relevant here, the ALJ found that Plaintiff "cannot push, pull, or operate foot controls with the left lower extremity." Tr. at p. 18. Plaintiff points out that Dr. Oduwa's opinion regarding Plaintiff's ability to push and pull was not limited to the lower left extremity, s*ee* Tr. at p. 1327, and that other medical opinions in the record found similar limitations. Tr. at pp. 586, 605, & 628. However, the ALJ limited Plaintiff to sedentary work, which does not require pushing and pulling. *Davis v. Astrue*, 2013 WL 3388951, at *17 (S.D.N.Y. July 8, 2013) (citing 20 C.F.R. § 404.1567(b)) ("sedentary work does not require pushing or pulling. Rather, pushing and pulling are requirements of light work."); *see also* 20 C.F.R. § 404.1567(a). "While some pushing and pulling is involved in light work, *see* 20 C.F.R. § 404.1567(b), these activities are not required to perform sedentary work. *See* 20 C.F.R. § 404.1567(a)." *Vesneske-Margage v. Berryhill*, 2017 WL 4112021, at *5 (W.D.N.Y. Sept. 18, 2017).

Given that sedentary work does not require these activities, the failure of the ALJ to have included further restrictions on pushing and pulling was harmless error. *Harbour v. Astrue*, 2008 WL 2222269, at *11 (W.D. Va. May 27, 2008) ("it is clear that sedentary work does not require the pushing and pulling of leg-foot controls and, therefore, the ALJ's failure to specifically list such a limitation in his formal residual functional capacity finding is, again, nothing more than harmless error."). The ALJ's inclusion of limitations regarding Plaintiff's lower leg extremity does not change the analysis. Such a restriction was either superfluous given the limitation to sedentary

work or the implementation of a more-restrictive RFC than the record required. Neither provides a basis for remanding the matter. Superfluous restrictions do not constitute reversible error. *Gross v. Berryhill*, 2017 WL 6062912, at *4 (M.D. Fla. Oct. 31, 2017). Nor does the imposition of an RFC that is more restrictive than required by the medical opinions in the record. *Ryan W. v. Comm'r of Soc. Sec.*, 2022 WL 813934, at *4 (N.D.N.Y. Mar. 17, 2022)

    Finally, Plaintiff also makes somewhat conclusory arguments that the ALJ impermissibly cherry-picked from the record and failed to adequately consider consistencies between medical opinions that the ALJ later discounted. *See* Pl.'s Mem. of Law at pp. 16-17 & 20. The Court has considered the ALJ's decision and finds it well reasoned and consistent with governing law. There is no basis for finding that the ALJ cherry-picked the record nor that she did not provide adequate explanation for her conclusions.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: April 14, 2022
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge